ANDERIES & GOMES LLP
Shane K. Anderies (SBN 215415)
505 Montgomery Street, 11th Floor
San Francisco, California 94111
Telephone: (415) 217-8802
Facsimile: (415) 217-8803
sanderies@andgolaw.com

Attorneys for Plaintiff
CHANCE TIDYMAN

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHANCE TIDYMAN,** | **CASE NO.:** |
| **PLAINTIFF,** | **COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 USC § 1625.22** |
| VS. | |
| **VEEVA SYSTEMS, INC., A CALIFORNIA CORPORATION; AND DOES 1-50** | **JURY TRIAL DEMANDED** |
| **DEFENDANTS.** | |

COMPLAINT FOR VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 USC § 1625.22

## I. INTRODUCTION

1. Since at least 2015, Defendant Veeva Systems, Inc. ("Veeva") has engaged in a pattern and practice of personnel actions designed to elevate younger employees into the Company's leadership and to marginalize and remove older employees using a top-down, confidential stack ranking system unmonitored by its Human Resources employees to identify older and more costly employees for elimination through a process involving position transfers, supervisor and job duty reassignments, exaggerated performance issues to create unsubstantiated negative performance evaluations inconsistent with their peers, denying them promotions, awarding them smaller pay increases and fewer stock options than their younger peers, and disproportionately terminating their employment or inducing them to voluntarily resign. To try to shield itself from liability for its age discrimination, Veeva has caused departing employees to sign general releases that misrepresent their rights under the ADEA and fail to give them the statutorily required amount of time to consult counsel and decide whether they have been the victims of age discrimination.

2. Plaintiffs Garcia, Norman, Vold, Elander, and Lynn seek a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that the purported General Release of All Claims ("Release") signed by most terminated employees is invalid and unenforceable as to their claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq, as amended by the Older Worker Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f). They seek this relief pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other persons similarly situated, estimated to exceed 2,000 people.

3. Plaintiff Chance Tidyman("Tidyman" or "Plaintiff"), seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that the purported General Release of All Claims ("Release") signed by most terminated employees is invalid and unenforceable as to their claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq, as amended by the Older Worker Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f). He seeks this relief pursuant to Fed. R. Civ. P. 23 on behalf of himself and other persons similarly situated.

4. Plaintiffs seek relief from Veeva's age discrimination under the ADEA on behalf of

himself and other persons similarly situated who choose to opt in ("opt-ins").The opportunity to opt in should be extended to former employees who signed the Release once it is declared invalid, as well as to current employees. The number of potential opt-ins is estimated to exceed 6,000.individual, on behalf of himself and all others similarly situated, alleges Defendant Veeva Systems, Inc. ("Veeva"), through its hiring, firing, and employment practices, violated the Age Discrimination in Employment Act, ("ADEA") and Older Worker Benefit Protection Act's ("OWBPA"), as amended, 29 U.S.C. § 621, et seq.

## II.     JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

5.     This Court has jurisdiction over this collective action for claims under the ADEA and related declaratory relief pursuant to 28 U.S.C. §§ 1331 and 2201 and 29 US.C. § 216(b).

6.     This Court has personal jurisdiction over the Defendant because it engages in continuous and systematic business contacts within the State of California and maintains a substantial physical presence in this State, including the operation of its corporate headquarters in Pleasanton, California.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), in that Veeva resides in this District, and a substantial part of the events (including discriminatory hiring and firing practices) giving rise to Tidyman's claims occurred in this District.

8.     Assignment in this Division is proper pursuant to Civil L.R. 3-2(c) because a substantial part of the events giving rise to Tidyman's claims occurred in this Division.

## III.    THE PARTIES

9.     Tidyman is a United States citizen and has been 40 years old or older at all pertinent times referenced herein.  Tidyman currently resides, and has resided at all pertinent times, in Danville, California. Tidyman has exhausted his administrative remedies and complied with the statutory prerequisites of filing an ADEA complaint by filing a timely discrimination complaint against Veeva with the U.S. Equal Employment Opportunity Commission ("EEOC"), for which he received the operative right to sue notice on December 18, 2023.

10.    Veeva Systems Inc. is Delaware corporation headquartered at 4280 Hacienda Drive, Pleasanton, CA 94588, has 16 office locations throughout the United States, and employs

approximately 6,744 people worldwide. Veeva in its own capacity, and as a joint employer with subsidiaries, affiliates, and/ or other entities with which it is associated or contracts, has exerted significant control over the hiring and employment decisions and actions herein. Relief is sought against Veeva as well as its affiliates, employees, agents, assistants, and successors.

11. Upon information and belief, the ADEA Collective consists of similarly situated former employees who have been similarly harmed by Veeva in violation of the ADEA, and who would benefit from the issuance of a court-supervised notice of the lawsuit, and the opportunity to join the lawsuit. These similarly situated collective members are known to Veeva, are readily identifiable, and can be located through Veeva's records. Notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

**IV.   FACTUAL ALLEGATIONS**

12. VEEVA is a cloud computing company focusing, providing cloud-based software for the life sciences industry.

13. Veeva hired Tidyman as a Sales Account Executive ("SAE") in May 2017 reporting to Supervisor Greg Harbin..  His compensation included a base salary, equity, and variable commissions.  He received positive written reviews, compensation increases, and verbal reassurances of continued employment from Harbin from until Approximately April 2020 when he was reassigned to a new Supervisor, Kent Potts.

14. Tidyman had little interaction with Potts for the remainder of 2020, continuing to interact mostly with Harbin on their previously shared accounts.  He never received any negative comments on his performance from Potts and continued to receive positive comments and verbal reassurances of continued employment from Harbin.

15. In January 2021, Potts told Tidyman he was going to be assigned to a new team focusing on fewer, more significant.  Tidyman was apprehensive about the reassignment despite it being labeled a promotion.  Plaintiff heard rumors other employees had just recently had their employment terminated unexpectedly without any warning or explanation.   Tidyman told Potts he felt vulnerable under the circumstances and that he intended to reconsider another opportunity at a different Company, but Potts reassured him he would not be fired, and certainly not "out of the

blue" without any warning or reason.

16. Four months later, On April 23, 2021, immediately following the completion of a successful benchmark with a major potential client, Potts abruptly, and without notice or explanation terminated Tidyman's employment.  The termination notice Potts prepared—which was not shared with Tidyman as part of his termination—contained fictitious performance issues Potts never discussed with Tidyman, many of which Potts later attributed to Harbin who was no longer Tidyman's supervisor, who gave him positive reviews when he was, and who was not present at Tidyman's last performance evaluation or termination meeting to corroborate any of the statements being attributed to him.

17. Veeva also later claimed it terminated Tidyman's employment because he was ranked lower than his peers according to a secretive stack ranking system never shared with him or reviewed by anyone in Human Resources, even though a Human Resources employee was present at the termination meeting, was aware of the practice and that it affected employees' performance reviews, and was responsible for ensuring the fairness of termination decisions.

18. Veeva never gave Tidyman an explanation of the reasons for his termination of employment, or a copy of the stack rankings or termination notice upon which it was based; it did however give him a release agreement to sign in exchange for a month's pay and benefits. Tidyman asked for additional consideration to sign the release.  Two days later he received an email from a different Veeva Human Resources employee, Jessica Marcial, not assigned to his department, and with whom he had never spoken, stating that he had until 2 pm EST that day to sign the proposed agreement or the Company would rescind the offer.  Tidyman reluctantly, and under significant financial and emotional duress at the time, signed the agreement.  Marcial would later testify she was not comfortable with the fact the agreement did not provide Tidyman 21 days to review it as required by the ADEA, that the Company has a policy and practice of only providing 5 days for a terminated employee to review and accept regardless of age, that she raised her concern with her supervisor and Veeva's legal counsel but did not receive a response that addressed her concerns, and that Veeva continues the to have the same policy and practice today.

19. On July 21, 2021, Tidyman requested a copy of his employment file from Veeva

which it ignored despite being required by state law to provide to Tidyman within 30 days.

20. On January 26, 2022 Tidyman filed a Charge of Discrimination with the DFEH ("Charge") which included a claim for individual age discrimination and received an immediate Right to Sue Notice.

21. Tidyman filed a Complaint in Alameda County Superior Court on March 28, 2022, Case No. 22-CV-009065 "Complaint"), which included an individual FEHA cause of action for age discrimination.

22. In or around August 2023, during the course of discovery related to his Complaint, Tidyman learned for the first time that Veeva had a written policy and practice requiring all terminated employees over the age of 40 as a condition of receiving severance benefits to sign a similarly invalid release and waiver of their ADEA rights.

23. On October 20, 2023 Tidyman filed an EEOC Complaint based on Veeva's unlawful policy and practice of making terminated employees over 40 sign non-compliant ADEA waivers in exchange for severance, for which he received a Notice of Right to Sue dated December 18, 2023.

24. As of 2023, VEEVA employed approximately 6,744 people worldwide, a significant increase from previous years:

- In 2022, they had 5,482 employees.
- In 2021, the count was 4,506.
- In 2020, they employed 3,501 individuals. [1]

25. VEEVA'S employee average age range is:

- Less than 18 years = 0%
- 18-20 years = 27%
- 20-30 years = 27%
- 30-40 years = 27%
- 40+ years = 18%[2]

26. Between 2020 and 2023 VEEVA's workforce grew almost 50% (48.09%), but 81%

---

[1] Veeva Systems: Number of Employees 2012-2023 | VEEV | MacroTrends
[2] Veeva Systems Number of Employees, Statistics, Diversity, Demographics, and Facts - Zippia

- 6 -
COMPLAINT FOR VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 USC § 1625.22

of Veeva employees were younger than 40 years of age.

27. Veeva touts diversity—including based on age—on separate "Diversity"[3] and "Corporate Citizenship"[4] website pages, both of which reference its "Workforce Representation Data"[5] as a source of transparency and progress, but from which age-related workforce data is conspicuously missing, despite disclosing data about other worker characteristics.

28. On information and belief, other employee terminations, both before and after Tidyman's own termination, demonstrate a pattern and practice by Defendant Veeva, that are illegal under the ADEA, to wit: 1) Terminating employees 40 years of age and older and replacing them with younger (under 40 years of age) employees, whom they paid less; and 2) failing to follow the ADEA's inviolate requirements under the OWBPA with respect to "knowing" waivers in severance agreements, resulting in age discrimination and in voidable severance agreements as specifically and clearly described as required at 29 CFR § 1625.22.

**V.  AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C § 621, ET SEQ.) (ON BEHALF OF PLAINTIFF AND COLLECTIVE MEMBERS)**

29. Tidyman re-alleges and incorporates the above paragraphs by reference as if fully set forth herein.

30. The ADEA claims herein are brought by Tidyman on behalf of himself and the Class.

31. Throughout the class liability period, Veeva has engaged in a pattern and practice of discriminating against individuals who are age 40 and older by: (a) knowingly and intentionally, in the company's hiring and employment practices, treating adversely individuals who are age 40 and older, and treating preferentially individuals who are under 40 years old, and (b) filling a disproportionately large percentage of its workforce with individuals under 40 years old (such that the median workforce age is 29 years old) even when there are many individuals age 40 or older who are available and well-qualified for the positions at issue.

---

[3] Diversity Makes Us Stronger | Veeva
[4] Corporate Citizenship | Veeva
[5] Workforce Representation Data | Veeva

COMPLAINT FOR VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 USC § 1625.22

32. As a direct and proximate result of Veeva's intentional discrimination, Tidyman and the members of the Class have been denied employment, denied the fair opportunity to obtain employment, and denied fair opportunities with regard to positions, compensation, and/or employment with Defendants.

33. Throughout the class liability period, Veeva has used policies and practices related to hiring and employment described herein, that have had a disparate impact on the basis of age (discriminating against workers who are age 40 and older) that are not job-related for the positions at issue, not consistent with business necessity and are not necessitated by any reasonable factor other than age.

34. Veeva's actions constitute unlawful discrimination in violation of the ADEA.

## VI. PRAYER FOR RELIEF

WHEREFORE, CHANCE TIDYMAN respectfully requests judgment as follows:

35. Rendering a declaratory judgment that the practices complained of herein are unlawful and violate the ADEA;

36. Issuing a permanent injunction against Veeva and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in unlawful policies, practices, customs, and usages set forth herein;

37. Ordering Veeva to adopt a valid, non-discriminatory method for firing;

38. Ordering Veeva to post notices concerning its duty to refrain from discriminating against employees on the basis of age;

39. Ordering Veeva to pay Tidyman and the Collective compensatory damages for harms suffered as a result of Veeva's violations of the ADEA;

40. Awarding Tidyman and the Collective prejudgment interest at the prevailing rate on the compensatory damages as a result of Defendant's discriminating against them;

41. Awarding Tidyman and the Collective liquidated, exemplary and punitive damages;

42. Awarding reasonable attorneys' fees, expert witness fees, expenses, and costs of this action and of prior administrative actions;

43. Declaring this action to be an ADEA collective action properly maintained under 29

U.S.C. §216(b); and

44. Awarding Tidyman and the Collective such other relief as this Court deems just and appropriate.

### VII. JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

DATED: March 14, 2024                                ANDERIES & GOMES LLP


                                                     BY:   /s/ Shane K. Anderies
                                                           Shane K. Anderies
                                                           Attorney for Plaintiff
                                                           CHANCE TIDYMAN