ANDERIES & GOMES LLP
Shane K. Anderies (SBN 215415)
505 Montgomery Street, 11th Floor
San Francisco, California 94111
Telephone: (415) 217-8802
Facsimile: (415) 217-8803
sanderies@andgolaw.com

Attorneys for Plaintiff
CHANCE TIDYMAN

**UNITED STATE DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHANCE TIDYMAN,**<br><br>**PLAINTIFF,**<br><br>vs.<br><br>**VEEVA SYSTEMS, INC., A CALIFORNIA CORPORATION; AND DOES 1-50**<br><br>**DEFENDANTS.** | CASE NO.: 3:24-CV-01583-CRB<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY THE CASE, AND/OR STRIKE THE COLLECTIVE ACTION ALLEGATIONS CLASS ACTION**<br><br>Date: August 9, 2024<br>Time: 10:00 a.m.<br>Courtroom: 6<br>Judge: Hon. Charles R. Breyer<br><br>Complaint Filed: March 14, 2024<br>Trial Date: Not Set |

## I. INTRODUCTION

Plaintiff Chance Tidyman ("Plaintiff" or "Tidyman") anticipated having relevant Apex witness testimony from Defendant's Chief Executive Officer ("CEO"), Peter Gassner, and Chief People Officer ("CPO") Vivien Welsh regarding the specific discriminatory policies and practices alleged in Plaintiff's Complaint filed in this Court on March 14, 2024, before the June 11, 2024 deadline to oppose Defendant's instant Motion to Stay based on an April 26, 2024 Order compelling those depositions. However, Defendant substituted new counsel and refused to produce those witnesses for deposition until after hearing on its motion for reconsideration (and any subsequent appeal, if necessary) scheduled for hearing on June 21, 2024. Plaintiff's Opposition to Veeva's pending MSJ was due June 14, 2024, and trial was scheduled for September 26, 2024, so Plaintiff had to file an *ex parte* application to continue the MSJ and trial dates which the Court granted on June 7, 2024, rescheduling the MSJ hearing and trial dates to February 7, 2025, and June 6, 2025, respectively. The Court only recently granted Defendant's Motion for Reconsideration without prejudice on June 21, 2024[1] preventing the Apex depositions from going forward. (Declaration of Shane K. Anderies in Support of Response to Order to Show Cause ("Anderies Decl." ¶ 1, Ex. 1 – 6/21/24 Order Granting Veeva's Motion for Reconsideration.)

Regardless of—or even more so because of—the State Court's flip-flopping Orders regarding Apex depositions—there is no reason to stay Plaintiff's EEOC Complaint. Plaintiff's FEHA Complaint was filed March 28, 2022. Veeva did not file a Motion for Summary Judgment ("MSJ") until November 9, 2023, which was continued twice and now scheduled for hearing on February 7, 2025. Far from fearing his FEHA Complaint will be dismissed on a theory Veeva would have and should have requested dismissal from the outset had it any merit, the reality is Defendant's new counsel filed the instant Motion to Stay following the State Court's Order compelling Defendant's Apex witness depositions for fear of how their testimony would negatively impact its defense of Plaintiff's EEOC Complaint. Plaintiff's Collective Action Complaint is redundant only to the extent is references the phrase "age discrimination." In every other relevant

---

[1] As of the date of this Response, Plaintiff has not received service of the Order and so downloaded it from the Court's website and attaches is here for the Court's reference.

respect, it is procedurally and substantively distinct from his State Court Action such that there is no reason for it to be stayed.

Additionally, there is no basis upon which to strike the allegations in Plaintiff's EEOC Complaint, which more than sufficiently demonstrates a *prima facie* case of disparate impact discrimination based on Defendant's policies and procedures. Plaintiff lacks specific information regarding alleged class members only because Defendant has opposed Plaintiff's related requests for such information in his State Court Action. Defendant cannot refuse to provide information regarding potential collective members in state court and then blame Plaintiff for failing to provide that level of detail in his Federal court Complaint.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Chance Tidyman ("Plaintiff") filed a related individual age discrimination Complaint ("FEHA Complaint") in Alameda County Superior Court on March 28, 2022, Case No. 22-CV-009065 ("State Court Action"). On August 4, 2023, during discovery related to his Complaint, Tidyman learned for the first time that Veeva had a written policy and practice requiring all terminated employees over the age of 40 as a condition of receiving severance benefits to sign an invalid release and waiver of their ADEA rights. Tidyman filed a timely Charge of Discrimination with the EEOC thereafter on December 15, 2023, received a Notice of Right to Sue on December 18, 2023, and timely filed the instant Complaint ("EEOC Complaint") in this lawsuit on March 14, 2024 ("Federal Court Action").

On April 26, 2024, the Court denied in part Defendant Veeva's Motion for Protective Order Re Apex Witness Depositions ("Apex Order"). On May 9, 2024, Veeva substituted new counsel of record who filed a Motion for Reconsideration of the Apex Order on May 17, 2024, which was not decided until June 21, 2024.

## III. LEGAL ARGUMENT

**A.   The *Colorado River* Doctrine is the Exception to the General Rule Allowing for Jurisdiction of Pendent State Law Claims and Does Not Apply Absent Exceptional Circumstances Which Do Not Exist**

As Defendant's moving papers correctly point out, "'Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings

concerning the same matter in the Federal court having jurisdiction.'" *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 835 (9th Cir. 2023), cert. denied, 144 S. Ct. 554 (2024) (citing *Colorado River Water Conservation District v. United States* (*Colorado River*), 424 U.S. 800, at 817 (1976) (internal citations omitted).

> "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."

*Colorado River Water Conservation Dist. v. U. S.* (1976) 424 U.S. 800, 813.  In *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California* (9th Cir. 1994) 24 F.3d 1545, 1558 (overruled by *California Dept. of Water Resources v. Powerex Corp.* (9th Cir. 2008) 533 F.3d 1087), the District court could not decline to exercise supplemental jurisdiction over pendent state claims in an employment discrimination action on ground that retention of state claims would require expenditure of substantial judicial time and effort.  The Court of Appeal explained, "at the Supreme Court level, the most analogous use of "exceptional circumstances" is in the closely related area of *Colorado River* abstention, where the Court has used the term to denote "'an extraordinarily narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Moses H. Cone Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 14, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976) (internal quotations omitted))." *Id.* at fn. 10.

Not only do exceptional circumstances not exist, but Defendant's positions taken in state court proceedings belie its arguments for a stay of this separate action. *Acuna v. Regents of University of California* (1997) 56 Cal.App.4th 639 is inapposite as it involved dismissal of plaintiff's FEHA claims based on *res judicata*:  "Where, as here, the plaintiff 'elects to proceed to trial and judgment in the federal court, his entire cause of action is either merged in or barred by the federal court judgment so that he may not thereafter maintain a second suit on the same cause of action in a state court.'"  *Id.* at 658 (internal citation omitted).  Conversely, Defendant's misplaced

reliance on *Ernest Bock, LLC v. Steelman* (9th Cir. 2023) 76 F.4th 827 *cert. denied* (2024) 144 S.Ct. 554 supports denial of a stay motion which requires parallelism of state and federal court proceedings as a threshold requirement and ultimately a finding that the federal court will have nothing further to do in resolving any substantive part of a case, whether it stays or dismisses. *Id.* at 838. On its face, Plaintiff's federal ADEA collective action differs from his individual FEHA claims for wrongful termination. Defendant has emphasized this difference in its various state court pleadings. For example, in support of its MSJ, Defendant alleges:

> Veeva expects Plaintiff will argue the Severance Agreement release is not enforceable to bar any of his claims here because Veeva did not allow him 21 days to consider the agreement before signing it as required by the federal Older Worker Benefit Protection Act ("OWBPA"). That argument is without merit because OWBPA applies only to releases of claims under the federal Age Discrimination in Employment Act ("ADEA"); it does *not* apply to releases of FEHA claims or other *state law* claims like those Plaintiff has asserted in this action. *Skrbina, supra,* 45 Cal.App.4th at 1367. *See also Kinghorn v. Citibank, N.A.* (N.D. Cal. Jan. 20, 1999) 1999 WL 30534, *7 (finding ADEA waiver in release agreement signed by plaintiff was unenforceable, but release of FEHA and other state law claims was valid, and granting summary judgment to employer on those claims)

(Anderies Decl. ¶ 2, Ex. 2 - Veeva MPA Supp. MSJ 18:12-21.)

In support of its recent motion for reconsideration, Defendant alleged:

> Indeed, Plaintiff apparently seeks information about the development of Veeva's employment policies not to support his claims in this case (to which they are plainly irrelevant), but instead to support the separate potential collective action Plaintiff recently filed in federal court. See Request for Judicial Notice, Exhibit 1 (federal collective action complaint entitled Tidyman v. Veeva Systems, Inc. (N.D. Cal.), No. 3:24-cv-01583).

(Anderies Decl. ¶ 3, Ex. 3 - Veeva Reply Supp. Mot. for Recon. 4:16-20 and Supporting Request for Judicial Notice.)

Defendant even refused Plaintiff's initial offer to stipulate to have the claim added to his State Court action for the sake of convenience. (Anderies Decl. ¶ 4, Ex. 4 - 12/28/23 email from Anderies to Neulight Re Motion to Amend Complaint to Add FLSA Collective Action for Age Discrimination.)

**B.    The Complaint Alleges Disparate Impact Age Discrimination in Violation of the**

**ADEA based on Policies and Practices Applicable to All of Veeva's Employees which is Neither Time-Barred Nor Waived by Plaintiff's Signed Release and Which May Be Enforced through an FLSA Collective Action**

The United States Supreme Court held that a release has no effect under the ADEA unless it complies with the OWBPA, including provide the employee enough time to consider the waiver. *Oubre v. Entergy Operations, Inc*., 522 U.S. 422 (1998). The Supreme Court has also determined that the *disparate impact* theory can be relied upon under the ADEA. *Meacham v. Knolls Atomic Power Laboratory*, 128 S. Ct. 2395 (2008); *Smith v. City of Jackson*, 544 U.S. 228 (2005).  The disparate impact theory is based on the contention that a policy or practice that is neutral on its face and consistently applied has a discriminatory impact on individuals in the protected age group.  The EEOC issued a final rule entitled "Waivers of Rights and Claims: Tender Back of Consideration" on December 11, 2000 set forth in 29 C.F.R. § 1625.23 which states an individual is not required to tender back the payments given for a settlement agreement as a condition of filing a lawsuit under the ADEA if he or she alleges that the agreement was not "knowing and voluntary."  Plaintiff's allegations of an Involuntary Termination Guidelines policy applicable to all employees which requires severance be conditioned on the employee signing a release of all claims, including discrimination claims, within 5 days instead of the 21 days required by the ADEA is sufficient to state a disparate impact age discrimination claim.

Individuals often challenge employers who use subjective criteria in connection with selection, hiring, promotion or other employment-related decisions.  To prevail in a discrimination case, the individual challenging the employer's decision or practice must show either that (1) the employer's use of subjective criteria provides evidence of its discriminatory treatment of older workers under the intentional discrimination theory or (2) the use of such criteria had a significantly discriminatory impact on older individuals. *See Yartzoff v. State of Oregon*, 745 F.2d 557, 35 E.P.D. ¶ 34,737 (9th Cir. 1984); *Peters v. Lieuallen*, 693 F.2d 966 (9th Cir. 1982); *Wang v. Hoffman*, 694 F.2d 1146 (9th Cir. 1982).  Plaintiff also alleges Defendant used a confidential and subjective Stack Ranking practice appliable to all Sales Account Executives which practice had a significantly discriminatory impact on older individuals.

Section 7 of the ADEA sets forth the means of enforcing the ADEA's substantive provisions

and incorporates the remedies contained in the Fair Labor Standards Act ("FLSA") including permitting employees to bring individual or class actions for damages and other relief. 29 U.S.C. § 626(b); *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 107 L.Ed.2d 480, 110 S. Ct. 482 (1989); *EEOC v. Pan American World Airways, Inc.*, 897 F.2d 1499 at 1504 (9th Cir. 1990). The time limitations to bring a claim may be modified due to equitable considerations including (1) equitable tolling, which often focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant, and (2) equitable estoppel, which usually focuses on the actions of the defendant.   See, e.g. *Naton v. Bank of California*, 649 F.2d 691, 27 F.E.P. Cases 510 (9th Cir. 1981) (holding applicable limitations period is activated once the employee knows or should know that an unlawful employment practice has been committed), and *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 27 F.E.P. Cases 518 (9th Cir. 1981), cert. denied, 459 U.S. 1290 (1983) (reversing summary judgment for Defendant where ADEA filing periods are subject to equitable modification).  "Whether to grant equitable relief from the statutory provisions is a matter that should be determined "on a case-by-case basis, depending on the equities in each case." *Aronsen v. Crown Zellerbach* (9th Cir. 1981) 662 F.2d 584, 593.

## IV.   CONCLUSION

The Court should deny Defendant's Motion to Stay and Strike Collective Allegations because the Colorado Rive doctrine does not apply and because Plaintiff's Complaint alleges sufficient facts in support of a *prima facie* case of disparate impact age discrimination in violation of the ADEA that is separate and distinct from his separate individual discrimination and wrongful termination claims in violation of FEHA in state court.

DATED: July 1, 2024                                              ANDERIES & GOMES LLP

                                                                 BY:   /s/ Shane K. Anderies
                                                                       Shane K. Anderies
                                                                       Attorney for Plaintiff
                                                                       CHANCE TIDYMAN